BOSWELL *v.* PETTIT.

*(City Court of New York, General Term. September 29, 1888.)*

1. CONTRACTS—ACTIONS ON—EVIDENCE—SUFFICIENCY.
    Evidence that plaintiff did work to a certain value upon a building at the order of defendant's son, then in his employ; that defendant stated that he had orders to repair the building, and would send his son to attend to it; and that, when the bill was presented, defendant said it was right, and promised to pay it, makes out a *prima facie* case in an action for its value, and the ownership of the building is immaterial.

2. SAME—EVIDENCE—DECLARATIONS—PRINCIPAL AND AGENT.
    Evidence of what the son said when he ordered the work, it being subsequently connected by defendant's admission, should have been admitted.

Appeal from trial term; before Justice PITSHE.

The complaint alleges, in substance, that the plaintiff, during the months of June and July, 1887, did certain plumbing work, and furnished certain plumbing materials, at the request of the defendant, in doing certain work in a building on the Boulevard in this city, the aggregate value of such work and materials being the sum of $399.18, and that no part thereof has been paid, and filed a bill of particulars of such work and materials; that, after the per-

formance of the work and furnishing of the materials, a statement thereof was rendered to the defendant, who admitted the correctness thereof, and promised and agreed to pay the said sum of $399.18. The answer of the defendant denies "each and every allegation in the said complaint contained." It appears from the testimony of the plaintiff that he is a plumber and gasfitter, and that he did work and furnished materials to the amount and value of $399.18 on the building in question, and that he did no more than was necessary to put the house in a sanitary condition. Robert Graff, in the employ of plaintiff, testified that he received an order to do such work from James C. Pettit, a son of the defendant. That defendant is a carpenter, and had a place of business at the corner of Lawrence street and Tenth avenue; and that James C. Pettit, the son, was at that time in the employ of the defendant. That he presented a bill of the work, etc., amounting to $399.18, to the defendant, that defendant "looked it over, said it was right, and that he would pay it, and to call in in two or three days later, and that he would give me a check for the full amount. I went to see him two or three days after, and he then refused to pay the full amount, and said that he would pay one-half of it; that Dr. Trip was responsible for one-half of it." William J. Trip testified on the part of the plaintiff as follows: "I asked Mr. Pettit if he had any orders to do repairs to this house. He said he had, but that he had been sick, and was not able to go there, but that he would send his son to attend to it. One morning afterwards his son called at the house, and asked what was to be done; and I told him that his father knew all about it. He asked me if I didn't know about it, and I told him, 'No;' that it was out of my line of business." That, after the work was done, defendant's son called upon him with plaintiff's bill for the work done. No evidence was offered on the part of the defendant: but defendant's counsel, after plaintiff had rested his case, moved for a dismissal of the complaint, on the ground that it had not been shown that the defendant authorized the work, and therefore was under no obligation to pay the bill, and that the work was done for the benefit of the estate of Edward J. King. Plaintiff's counsel then requested the trial justice to submit the question to the jury as to the amount due the plaintiff from the defendant; and also to submit the issue generally. The trial justice thereupon dismissed the complaint, on the ground that no cause of action for any amount had been shown against the defendant; whereupon plaintiff appealed.

*Thos. C. Eunever*, for appellant. *Thos. A. Rogers*, for respondent.

McGOWN, J., (*after stating the facts as above.*) The testimony introduced herein on the part of the plaintiff (wholly uncontradicted) made out a *prima facie* case, and sufficient to go to the jury. It shows that the plaintiff did work and furnished materials upon the building in question of the value of $399.18, the amount claimed. That a bill for such work was presented to the defendant, who said it was right, and promised to pay it. The work was ordered by defendant's son while in his employ. That defendant told the witness Trip that he had orders to repair the house, and that he would send his son to attend to it. That the son called, and asked him (Trip) what was to be done. That defendant looked over the bill presented for the work, and said it was all right; thus recognizing the authority, and ratifying the action of his son in ordering the work. There was evidence of authority on the part of the defendant to his son to order the work done, and of the agency of the son, which should have been submitted to the jury; and the testimony as to what was said to the son at the time he ordered the work, if subsequently connected, as it was, by defendant's admission, should have been admitted, and it was error to exclude it. The question as to the ownership of the building upon which the work was done was entirely immaterial. If the defendant ordered plaintiff to do the work, he became liable therefor; and this question should have been submitted to the jury, and the dismissal of the complaint

was error, and plaintiff's exception taken thereto was well taken.   The judgment dismissing the complaint must be reversed, with costs, and a new trial ordered.